UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT EMERSON EVATT,<br><br>                Plaintiff,<br>     v.<br><br>COMPREHENSIVE LIFE RESOURCES,<br><br>                Defendants. | Case No. 3:24-cv-05790-KKE-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>February 5, 2025</u> |

On September 19, 2024, plaintiff, Scott Emerson Evatt, filed an application to proceed *in forma pauperis* (IFP) (Dkt. 1) and a proposed civil complaint (Dkt. 1-1), while housed at Pierce County Jail. On September 20, 2024, the Clerk of Court issued a letter notifying plaintiff that his IFP application was deficient because he failed to provide a copy of his prison trust account statement showing transactions for the last six months. Dkt. 3. The letter indicated plaintiff had until October 21, 2024, to correct the deficiency. *Id.*

On September 25, 2024, the Clerk issued another letter notifying plaintiff that his IFP application was also deficient because the incorrect IFP application was submitted. Dkt. 4. The Clerk provided plaintiff with a copy of the correct IFP form. *Id.* The letter indicated plaintiff had until October 25, 2024, to fix the deficiency. *Id.*

Plaintiff failed to cure the identified deficiencies by the deadlines.

REPORT AND RECOMMENDATION - 1

Plaintiff later filed a notice of change of address notifying the Court that his address had changed to Western State Hospital. Dkt. 7. The docket shows the Clerk re-mailed the IFP deficiency letter to plaintiff. Dkt. 7. Plaintiff filed two motions seeking an extension of time. Dkts. 6, 9.

By order dated December 9, 2024, the Court noted that it appeared plaintiff's motions (Dkts. 6, 9) were seeking to extend his deadline to correct his IFP deficiency. Dkt. 10. The Court also stated that it appeared that plaintiff was not currently residing in a jail or prison and acknowledged that there may not be any jail or prison trust account. *Id.*

The Court granted plaintiff's motions for extension of time (Dkts. 6, 9) and directed plaintiff to cure the previously identified deficiencies in his IFP application by January 8, 2025. *Id.* The Court informed plaintiff that if he failed to correct the deficiencies in his IFP application by January 8, 2025, the case may be dismissed without prejudice for failure to prosecute and for failure to comply with a Court order. *Id.* The Court further directed the Clerk to provide plaintiff with a copy of the correct IFP form. *Id.*

To date, plaintiff has not taken the steps necessary to correct deficiencies in his IFP application, has not paid the filing fee, or responded to the Court's December 9, 2024, order. Because plaintiff has failed to prosecute this case or comply with a Court order, the Court recommends this case should be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

REPORT AND RECOMMENDATION - 2

purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **February 5, 2025**, as noted in the caption.

Dated this 21st day of January, 2025.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3